IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK BUTLER,                                                                               PLAINTIFF
ADC #888111

v.                                     3:19CV00256-DPM-JTK

MARTY BOYDE et al.                                         DEFENDANTS

## SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following supplemental recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the new hearing in the Form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Plaintiff Mark Butler, an inmate incarcerated at the Craighead County Detention Facility (Jail), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 4). On October 7, 2019, I issued a Proposed Findings and Recommendation that Plaintiff's Motion be denied, based on his status as a "three-striker" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and his failure to allege facts to support a finding of imminent danger of harm. (Doc. No. 5) After Plaintiff submitted a Motion to Reopen the Case (Doc. No. 6), Chief Judge Marshall returned the case to me for a supplemental recommendation on whether the facts in Plaintiff's new Motion meet the imminent danger exception. (Doc. No. 7)

### II. SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or

officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As noted in the October 7, 2019 Recommendation, Plaintiff is a three-striker within the meaning of the PLRA, and has filed three lawsuits which were dismissed for failure to state a claim upon which relief may be granted.[1]  Although Plaintiff may be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above, this exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. 28 U.S.C. § 1915(g); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  "[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception...." Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

In his Complaint, Plaintiff vaguely complained about numerous improper conditions of confinement at the Jail, but did not state how he is personally affected by any of those conditions and did not include facts to support a finding that any of those conditions placed him in imminent danger of harm.  In his Motion to Reopen, Plaintiff complains about the low nutrition levels and caloric content of the food served at the Jail, that he is subject to danger by the conditions within

---

[1] Butler v. Blackman, et al., 3:10cv00032-JMM; Butler v. Smith, et al., 3:10cv00172-JMM; Butler v. Craighead County Detention Center, et al., 3:14cv00192-BSM.

the showers and toilet areas of the Jail, and that inmates who serve the food do not wear hairnets and subject him to danger of contracting Hepatitis C. (Doc. No. 6)

Having reviewed this Motion, I find not only that Plaintiff does not allege sufficient facts to support a finding of imminent danger of harm, but he also does not allege facts which support a constitutional claim for relief. Plaintiff alleges that he has a pace maker and should not be subject to the stress caused by the Jail conditions. However, he does not state specifically what type of food he receives at the Jail, or how he has suffered physically as a result. In addition, he is not specific about the conditions of the shower and toilet areas or how he has suffered harm from them. Finally, he does not allege that someone with Hepatitis C works in the kitchen and serves food in a manner that places him in danger of contracting Hepatitis C. Rather, he merely speculates that the lack of hair nets will cause him physical harm.

Plaintiff's allegations also do not support a constitutional claim for relief. Since Plaintiff is a pretrial detainee, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally

punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of exposure to unsanitary conditions and the degree to which the conditions are unsanitary. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)). Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. In this particular case, Plaintiff's allegations are too vague to support a claim for relief as set forth in Ashcroft and Twombly. In addition, he fails to allege facts to support a finding that he is in imminent danger of harm; therefore, his Motions to Proceed in forma pauperis and to Reopen the Case should be denied.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motions to Proceed in forma pauperis and to Reopen the Case (Doc.

Nos. 4, 6) be DENIED.

2.     Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.   Upon receipt of the motion and full payment, the case will be reopened.

3.     Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 22nd day of October, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE